Bernard SCHROEDER, Plaintiff,

v.

CITY OF CHICAGO, et al., Defendants.

No. 88 C 9496.

United States District Court,
N.D. Illinois, E.D.

Dec. 21, 1989.

J. Peter Dowd and Janet B. Johnson–Vinion, Dowd & Resnick, Chicago, Ill., for plaintiff.

Kelly R. Welsh, Corp. Counsel by Laura Hutchinson and Patricia M. Carroll, Asst. Corp. Counsel, Chicago, Ill., for defendants.

## ORDER

BUA, District Judge.

Bernard Schroeder filed this action claiming that his removal from the active payroll of the Chicago Fire Department violated his Fourteenth Amendment due process rights. His suit names Chief John Tully, the fire department's Director of Personnel, and Audley Connor, M.D., the fire department's Director of Medical Services, as defendants. Tully and Connor have now moved for summary judgment. For the reasons stated herein, defendants' motion is granted.

## FACTS

On October 23, 1985, while fighting a fire during the course of his employment with the Chicago Fire Department, Schroeder suffered injuries to his back, head, and neck. These injuries caused Schroeder to be placed on an extended medical lay-up. In January, June, and October of 1986, Schroeder's doctor informed the defendants that Schroeder remained physically unable to return to work.

Despite his inability to return to active duty, Schroeder received full pay from the date he suffered his injuries until November 16, 1986. The parties agree that Schroeder was entitled to his full salary during that period pursuant to Section 7.3 of the collective bargaining agreement be-

tween the City of Chicago and the Chicago Firefighters Union Local 2. That provision states:

Section 7.3  Sick Leave and Injury Leave

Any member of the Fire Department receiving an injury or becoming disabled so as to prevent him from attending to his duties as such member of the Fire Department shall, for the duration of twelve (12) months, providing his disability shall last that time, or for such portion of twelve months as such disability or sickness shall continue, receive his usual salary ...

By November 16, 1986, Schroeder had used up his twelve months of injury leave and all of the other benefit time which he had accrued during the course of his employment with the fire department. Therefore, the fire department removed Schroeder from the active payroll on that date. Schroeder was notified of his removal from the payroll by a letter from Tully dated November 14, 1986. In that letter, which Schroeder did not receive until November 26 because it had been improperly addressed, Tully stated: "On November 16, 1986 your sick benefit of 365 days will be satisfied. On that day you will be removed from the active payroll of the Chicago Fire Department. To make application for pension benefits due, you must contact ..."

Upon receiving Tully's letter, Schroeder did not file a grievance with the fire department to contest his removal from the payroll.[1] Instead, Schroeder followed Tully's suggestion and applied for pension benefits pursuant to ¶ 6–151 of the Illinois Pension Code. That provision reads:

An active fireman who is or becomes disabled on or after the effective date as the result of a specific injury, or of cumulative injuries, or of specific sickness incurred in or resulting from an act or acts of duty, shall have the right to receive duty disability benefit during any

period of such disability for which he does not receive or have the right to receive salary, equal to 75% of his salary at the time the disability is allowed.

Ill.Rev.Stat. ch. 108½, ¶ 6–151. Schroeder's application for duty disability benefits was granted. Currently, Schroeder continues to receive those benefits. At no time since suffering his injuries has Schroeder informed the fire department that he is physically fit for active duty.

### DISCUSSION

To recover on his claim that defendants violated the Fourteenth Amendment, Schroeder must first establish that he possesses some property right. *Smith v. Board of Education*, 853 F.2d 517, 520 (7th Cir.1988). He must then show that defendants deprived him of that right without affording him due process of law. *Cleveland Board of Education v. Loudermill*, 470 U.S. 532, 538–41, 105 S.Ct. 1487, 1491–93, 84 L.Ed.2d 494 (1985). "Property" in the context of the Fourteenth Amendment means an "entitlement." *Lim v. Central DuPage Hospital*, 871 F.2d 644, 646 (7th Cir.1989); *Smith*, 853 F.2d 520. In determining whether a property interest exists, the court must examine the particular legal principles and relationships governing the facts of the case. "Property interests are not created by the Constitution, they are created and their dimensions are defined by existing rules or understandings that stem from an independent source such as state law ..." *Loudermill*, 470 U.S. at 538, 105 S.Ct. at 1491 (quoting *Board of Regents v. Roth*, 408 U.S. 564, 577, 92 S.Ct. 2701, 2709, 33 L.Ed.2d 548 (1972)).

As this court noted in the earlier opinion in this case,[2] defendants concede that all City of Chicago firefighters, including Schroeder, possess a property right in their continued employment. This property

---

1. Article X of the collective bargaining agreement provides all firefighters the right to certain procedures for handling "[a]ny grievance or dispute which may arise between the [firefighter and the fire department], including the application, meaning, or interpretation of [the collective bargaining agreement]."

2. On June 27, 1989, this court entered an order partially granting and partially denying defendants' motion to dismiss. *See Schroeder v. City of Chicago*, 715 F.Supp. 222 (N.D.Ill.1989).

right arises out of the municipal ordinance which provides that firefighters may be discharged only when there is just cause for their dismissal. The facts in the instant case, however, do not establish that Schroeder has been denied the property right in his continued employment. In their Statement of Material Facts in support of their motion for summary judgment, defendants assert that Schroeder is "currently on the inactive roll of the Chicago Fire Department."[3] In other words, although Schroeder is currently not receiving any salary due to his inability to return to active duty, he has not been terminated; apparently, he will be allowed to return to active duty and he will be reinstated on the active payroll if and when he becomes physically capable of performing the duties of a fireman.

Since Schroeder has not been discharged, his claim essentially amounts to a complaint that he has been unconstitutionally deprived of his salary since November 16, 1986—the date his 365 days of disability pay were exhausted. Schroeder, however, identifies no state law or any other independent source which grants him the right to continue to receive his salary for as long as he is physically unable to work. Absent such a property right, Schroeder has no due process claim based on defendants' refusal to continue to pay his salary. *Loudermill*, 470 U.S. at 538, 105 S.Ct. at 1491; *Smith*, 853 F.2d at 520. Schroeder complains that the real reason he was removed from the payroll was that defendants unjustifiably believe he has an alcohol problem. Even if this were true, however, Schroeder still has no due process claim. Since Schroeder concedes that he is unable to return to work and that his twelve months of disability pay have expired, he has no property interest in continuing to receive his salary. He cannot maintain a due process claim for the "unjustified" deprivation of something to which he has no entitlement.

**3.** Schroeder, in response to defendants' factual statement, is unable to deny that he is currently on the inactive roll. He merely claims that he

CONCLUSION

For the foregoing reasons, defendants' motion for summary judgment is granted.

IT IS SO ORDERED.

has "no knowledge of the existence of an inactive roll."